IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | NO. 6:19cr0022(03) |
| | § | |
| VIRGINIA COLIS RODRIGUEZ | § | |

**DEFENDANT'S SENTENCING MEMORANDUM**

TO THE HONORABLE JUDGE KERNODLE:

This Court must now determine a sentence for Defendant, Virginia Colis Rodriguez, taking into account the factors set out in 18 U.S.C. § 3553(a), which include Ms. Rodriguez's criminal history, the specific offense characteristics, mental and physical health, and personal background. Ms. Rodriguez submits the following:

**A. The Court's Post-*Booker* Authority.**

As a result of the decision in *United States v. Booker*, 125 S. Ct. 738 (U.S. 2005), the sentencing guidelines are now "effectively advisory" in all cases. *Id*. at 757. The result is that a district court must now "consider Guidelines ranges," but may "tailor the sentencing in light of other statutory concerns as well." *Id*. Following *Booker*, the guidelines no longer dominate sentencing. They no longer remove from consideration factors such as emotional conditions or family ties, that always appeared relevant under § 3553(a), but which were forbidden to sentencing courts. *See, e.g.,* U.S.S.G. §5H1.3, §5H1.6; *see also United States v. Ranum*, 353 F.Supp.2d 984, 987 (E.D.Wis., 2005). Unbound from the Commission's mandatory guidelines, the sentencing court is free to determine how best to comply with "§ 3553(a)'s primary directive: to 'impose a sentence sufficient, but not greater than necessary to comply with the purposes' of sentencing." *Ranum*, 353 F.Supp. 2d 984, 986.

The sufficient-but-not-greater-than-necessary directive is not just another "factor" to be considered. Rather, it sets an independent upper limit on the sentence a court may impose. In determining what sentence is sufficient but not greater than necessary, the court should consider several factors

including (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"(2) the guidelines and policy statements issued by the Sentencing Commission, including the (now advisory) guideline range; and (3) the need to avoid unwarranted sentencing disparity. 18 U.S.C. § 3553(a)(1), (a)(2)-(6).

More specifically, 18 U.S.C.A. § 3553(a)(2)**(D)** states that the court, in determining the particular sentence to be imposed, shall consider, the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Thus, by highlighting Ms. Rodriguez's lack of vocational training and lack of criminal history—a more appropriate sentence and placement can be determined within Bureau of Prisons, which Ms. Rodriguez has not previously been placed.  Therefore, the opportunity to receive vocational training, counseling, or health care may be an overwhelming factor in determining the success of Ms. Rodriguez's rehabilitation and ability to pursue a life without crime.

**B. Procedural History**

On September 30, 2019 Ms. Rodriguez entered into a binding plea agreement with the government, pursuant to Fed. R. Crim. Proc. 11(c)(1)(C), to plead guilty to Count 1 of the indictment, which alleges a violation of 18 U.S.C. § 371, conspiracy to (a) produce, without lawful authority, false identification documents in violation of 18 U.S.C. §§ 1028(a)(1), 1028(b)(1)(A)(i) & (ii), and 1028(c)(1); (b) transfer false identification documents in violation of 18 U.S.C. §§ 1028(a)(2), 1028(b)(1)(A)(i) & (ii), and 1028(c)(1); and (c) forge, counterfeit, falsely make, and possess documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, in violation of 18 U.S.C. § 1546(a). The agreement provides for a sentence of imprisonment of 20 months. The Presentence Investigation Report calculated Ms. Rodriguez's adjusted offense level as 20 and her total offense level, after credit for acceptance of responsibility, as 17. Ms. Rodriguez has no criminal history and a criminal history Category I, which results in a guideline range of 24 – 30 months' confinement. The PSR, consistent with the plea agreement, recommends a sentence of 20 months' confinement.

**C. Offense Characteristics**

Pursuant to Section 3553(a)(1), the Court may consider the nature and circumstances of the offense and the history and characteristics of the defendant.  The government has requested that the Court sentence Ms. Rodriguez to 20 months' confinement in accordance with the plea agreement. The facts of the case make clear, Ms. Rodriguez's husband held the primary role in the conspiracy, producing counterfeit

documents and arranging for sales. Ms. Rodriguez has admitted that her role in the conspiracy was to facilitate purchases of counterfeit identification cards that were produced or otherwise acquired by her husband. Ms. Rodriguez is significantly less culpable than that of her co-defendant who was the supplier of the identification cards. Ms. Rodriguez admits her involvement in the offense and her willingness to accept an appropriate sentence, with a recognition that she will likely be removed from the United States following her sentence.

**D. Offender Characteristics**

One of the most outstanding characteristics of Ms. Rodriguez's case is her lack of criminal history. Ms. Rodriguez's criminal history category reflects that she has lived an honest and law abiding life irrespective of the instant offenses. Ms. Rodriguez spent much of her young life in Mexico but has spent a large portion of her adult life in the United States raising a family. Additionally, Ms. Rodriguez has lived a life in Mexico and the United States free from the usual harbingers of criminal behavior. Ms. Rodriguez does not use drugs or have a history of drug abuse. She did not endure the horrors of child abuse or experience any type of childhood trauma. She is not a violent person. Nor does she suffer from mental illness. Nevertheless, presumably fueled by money, Ms. Rodriguez admits that she participated in the underlying scheme involving the falsification of identification documents.

However, Ms. Rodriguez has not wasted time in rehabilitating herself. Looking inward and assessing the damage her actions have caused herself, her beloved family and the public—Ms. Rodriguez has earnestly turned to her Christian faith for guidance and forgiveness. Since her detention Ms. Rodriguez has enrolled in several faith based courses and earned certificates showing her progress (Exhibit 1 and 2). While these achievements may seem small in scope given the totality of her crimes, these spiritual endeavors reveal a sincere and hopeful person who seeks redemption.

The Defense acknowledges the constraints created by the agreement under 11(c)(1)(C) regarding any downward departure based on factors pursuant to 3553(a). Nonetheless, if Ms. Rodriguez is processed to a BOP facility she does request to be placed in a unit where she can receive vocational training, which will aid in her post incarceration life. Ms. Rodriguez received training as a bookkeeper in Mexico but needs additional training to meet a changing workforce. Additionally, Ms. Rodriguez asks that she receive credit for any time already served, which should significantly impact her short confinement period.

**E. Conclusion and Prayer**

The purpose of this sentencing memorandum is to provide the Court a short narrative of Ms. Rodriguez's past and hopeful future. Ms. Rodriguez believes there is ample opportunity to rehabilitate

herself and become a productive citizen.

FOR THE REASONS STATED ABOVE, Ms. Rodriguez respectfully requests that this Court grant a sentence of 20 months, which adequately addresses her crime and promotes respect for the law. Ms. Rodriguez also respectfully requests this court recommend placement in a Bureau of Prisons institution that will allow her to receive vocational training.

> Respectfully Submitted,
> Patrick K. Woods
> 305 S. Broadway, Suite 200
> Tyler, TX 75702
> (903) 245-2442
> pwoods@pbfcm.com
>
> /s/ Patrick Kabe Woods
> Patrick Kabe Woods
> State Bar No.: 24095035

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served on counsel for the government by electronic filing and by email on February 6, 2020.

_____
Patrick Kabe Woods
State Bar No.: 24095035

## CERTIFICATE OF CONFERENCE

I certify that I, the undersigned, consulted with counsel of record for government on February 6, 2020, pursuant to Local Rule CR- 47(a)(3).

_____
Patrick Kabe Woods
State Bar No.: 24095035